NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0922n.06

No. 13-5663

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Oct 25, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MICHAEL R. BURNS, | ) | |
| | ) | |
|     *Plaintiff-Appellant,* | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| HARRY G. LAPPIN, Director, et al., | ) | DISTRICT OF TENNESSEE |
| | ) | |
|     *Defendants,* | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DOCTOR NAHEM A. NAIMEY, Clinical | ) | |
| Director at FCI Memphis, | ) | |
| | ) | |
|     *Defendant-Appellee.* | ) | |

BEFORE:  SILER and COLE, Circuit Judges; DOWD District Judge.[*]

PER CURIAM.   This *Bivens* action was the first of two actions filed by plaintiff-appellant Michael Burns in the Western District of Tennessee in connection with allegations regarding medical treatment for a hernia while Burns was an inmate at the Federal Correctional Institute in Memphis, Tennessee (W.D. Tenn. Case No. 2:11-cv-02152).  The second action filed by Burns in the Western District of Tennessee alleged violations of the Federal Tort Claims Act (FTCA) (W.D.

---

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Tenn. Case No. 2:12-cv-02287) with respect to the same medical treatment at issue in the *Bivens* action.

The *Bivens* action and the FTCA action were before different judges in the Western District of Tennessee.  Although Burns's FTCA action was filed second, that case was decided and appealed (Case No. 13-5018) before the first-filed *Bivens* action was decided and appealed (Case No. 13-5663).  This Court has issued its opinion in Burns's appeal concerning his FTCA action (Case No. 13-5018), reversing and remanding with instructions to the district court.

For the reasons contained herein, the district court's dismissal of Burns's *Bivens* action is reversed and remanded.

## I.  BACKGROUND

### A.  Factual Background

Plaintiff-appellant's factual allegations regarding medical treatment for a hernia while he was an inmate at the Federal Correctional Institute in Memphis, Tennessee, are the same in both the *Bivens* action and FTCA action. Those factual allegations have been extensively detailed in this Court's opinion in the FTCA action, Case No. 13-5018, and will not be repeated here.

### B.  Procedural Background of the *Bivens* Action

In this *Bivens* action, the district court initially dismissed Burns's complaint against defendants Lappin, Watts, Franklund and Cabanero pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.  The district court also dismissed all claims based on events occurring before February 14, 2010, as outside of the one-year statute of limitations applicable to *Bivens* actions in Tennessee.[1]

---

[1] Doc. No. 5, W.D. Tenn. Case No. 2:11-cv-02152.

Subsequently, the remaining defendants in this *Bivens* action, Juan Castillo and Nahem Naimey, moved to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for summary judgment pursuant to Rule 56(c). The district court granted defendants' motion as to defendant Castillo, but denied defendants' motion as to defendant Naimey.[2]

After the district court in this *Bivens* action ruled that defendant Naimey was not entitled to judgment as a matter of law, the district court in the FTCA action (W.D. Tenn. Case No. 2:12-cv-02287) granted defendants' motion to dismiss the case against all defendants with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), including defendant United States. As a consequence of the dismissal of the FTCA action, the remaining defendant, Naimey, in this *Bivens* action moved for dismissal on the grounds that the claims against him were prohibited by 28 U.S.C. § 2676 after Burns's FTCA action (W.D. Tenn. Case No. 2:12-cv-02287) was dismissed against the United States.[3]

The district court in this *Bivens* action granted defendant Naimey's motion to dismiss on that basis.[4] The instant appeal arises from the district court's dismissal of the *Bivens* action based on the dismissal of the FTCA action.

---

[2] Doc. No. 24, W.D. Tenn. Case No. 2:11-cv-02152.

[3] 28 U.S.C. § 2676 provides that "The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 1346(b)(1) gives district courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act of omission of any employee of the Government while acting within the scope of . . . employment . . . ."

[4] "[T]he judgment on the FTCA claims [requires] dismissal of the Bivens action." (Doc. No. 44, W.D. Tenn. Case No. 2:11-cv-02152).

## II. ANALYSIS

### A. The Sixth Circuit's Ruling on Burns's Appeal of the FTCA Action (Case No. 13-5018)

The Sixth Circuit recently issued its opinion with respect to Burns's appeal of the district court's dismissal of his FTCA action. In that ruling, Case No. 13-5018, the district court's dismissal of Burns's FTCA action was reversed and remanded with instructions.

### B. Effect of Disposition of FTCA Appeal on Burns's Appeal of Dismissal of *Bivens* Action

On appeal of this *Bivens* action, the parties take opposite positions as to whether the district court erred in dismissing the *Bivens* action based on dismissal of the FTCA action. However, in light of this Court's disposition of the FTCA appeal, those arguments are moot.

The district court's dismissal of this *Bivens* action as to the remaining defendant Naimey was directly based on the dismissal of the FTCA action. Because this Court has reversed and remanded the FTCA action, the underlying basis for dismissal of the *Bivens* action pursuant to 28 U.S.C. § 2676 has been negated.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court dismissing plaintiff's claims as to defendant Naimey is reversed. This case is remanded to the district court for proceedings consistent with this opinion.